UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-325-CIV-HUCK
MAGISTRATE JUDGE SORRENTINO

RANDY A. WEAVER,         :

    Plaintiff,       :

v.                       :     ORDER REQUIRING
                               AMENDED COMPLAINT
FEDERAL CORRECTIONAL     :
INSTITUTION,
                         :

    Defendant.       :



Randy A. Weaver sent a letter to the Clerk, asking for forms with which to file a civil rights complaint against federal defendants. The Clerk has no forms for a lawsuit pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Therefore, the Clerk docketed the letter as such a complaint.

The Court must hold the allegations of a pro se civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972), and such a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief. Haines v. Kerner, supra; Conley v. Gibson, 355 U.S. 41 (1957).



The effort to provide justice to the plaintiff, however, cannot be allowed to work injustice upon a defendant. A defendant must be able to understand the claim of the plaintiff and what he or she is accused of. Therefore, even a *pro se* plaintiff must comply with Fed.R.Civ.P. 8(a) by providing a short and plain statement of a claim, a basis for federal jurisdiction, and a demand for judgment. Moreover, the plaintiff must separate all claims based upon differing sets of circumstances, as required by Fed.R.Civ.P. 10(b).

It is thereupon

ORDERED AND ADJUDGED as follows:

1. On or before February 28, 2001, the plaintiff shall file an amended complaint in this case.

2. The amended complaint must be labeled Amended Complaint and must show Case No. 01-325-Civ-Huck, so that it will be filed in this case.

3. The amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued.

2

4. The amended complaint must include all allegations against every defendant and must state all relief which is sought; it cannot just add to the original complaint. This is because the amended complaint will become the only active complaint in the case. Nothing in the original complaint will be considered after the amended complaint is filed.

5. The plaintiff is cautioned that failure to file the amended complaint on time will probably result in dismissal of this case.

6. The plaintiff must send with his complaint either the Clerk's filing fee of $150.00 or a completed motion to proceed in forma pauperis on the form provided with this order.

DONE AND ORDERED at Miami, Florida, this 29 day of January, 2001.

                                                                             /s/ Charles H. [signature]
                                                         UNITED STATES MAGISTRATE JUDGE

cc:   Randy A. Weaver, Pro Se
      Reg. No. 92903-071
      FCI - Miami
      P. O. Box 779800
      Miami, FL 33177