```
            IN THE UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF FLORIDA
                              CASE NO: 01-325-CIV-HUCK
                              MAGISTRATE JUDGE SORRENTINO
```

RANDY A. WEAVER,                :

    Plaintiff,              :

V.                              :   PLAINTIFF'S AFFIDAVIT IN

JAMES MEEHAN,                   :   SUPPORT OF LEAVE TO ADD ADDITIONAL

    Defendant(s).           :           DEFENDANT(S).

---

**COMES NOW,** Randy Anthony Weaver, the plaintiff in the above-captioned matter, does hereby state for this Honorable Court the following in support of plaintiff's motion for leave to add additional defendant(s).

TO WITT:

(1). That upon the plaintiff's arrival at the Federal Correctional Institution, (herein referred to as F.C.I.), this plaintiff began to file request for medical treatment (herein referred to as cop-outs) to the medical department.

(2). That in cop-out addressed to Dr. Rosado, the plaintiff clearly stated that he had been physically assaulted by the United States Marshals' Office. Plaintiff went on to inform medical department that x-rays had confirmed injuries and that the plaintiff had even been scheduled for surgery on August 30, 2000, at 10:00 a.m. but that surgery was blocked until plaintiff reached this facility.

(3). Plaintiff went on to again request the surgery as soon as possible, due to the effects that could happen if injuries

went untreated.

(4). Plaintiff even stated that there should be documents regarding said injuries in plaintiff's medical file. Dr. Rosado responded that there was no medical records on plaintiff. (Note: it took from the 18th of January,2001, until the 9th of Feburary, 2001, before Dr. Rosado would even reply ).

(5). On January 31,2001, the plaintiff was seen by a Dr. Monserrate, who ordered that new x-rays be taken. X-rays were finally done around the 5th of Feburary,2001.

(6). On March 2, 2001, the plaintiff confronted the medical administrator while at the dining hall about the lenght of time that has elapsed since x-rays were taken. The medical administrator instructed the plaintiff to sign up for sick call first thing Monday morning, being March 5,2001.

(7). The plaintiff went to sick call between 6:30 a.m. and 7:00 a.m. on March 5,2001, and was seen by Physician Asst. (herein referred to as P.A.), Anna Inchaustegui. The P.A. placed this plaintiff on two medications, one for pain in plaintiffs right shoulder, and the other to try to dry up plaintiffs nose to help plaintiff breathe easier. Plaintiff was also referred to specialist.

(8). Plaintiff was also placed on medical restrictions, that prevented the plaintiff from any use of his right arm, and also no sports, just walking and jogging on the recreation yard. Plaintiff told P.A. Inchaustegui that he had had x-rays taken over three weeks ago and had never found out the results. Ms Inchaustegui then contacted Dr. Monserrate by telephone and confirmed this statement. P.A. Inchaustegui then had plaintiff step out of the examination room (room #2) until Dr. Monserrate could bring over

the results from the x-rays.

(9). Plaintiff then returned to the room, where Ms. Inchaustegui informed the plaintiff that the x-rays showed no injuries ! The plaintiff said that was impossible, and explained that the plaintiff has copies of all the medical reports in this case, and was even scheduled for surgery on the 30th of August, 2000, based upon those x-rays and also the evaluation by a Dr. Hurst of the Spartanburg Ear,Nose,Throat Head and Neck Surgery Clinic.

(10). Plaintiff then proceeded over to speak with the medical administrator who had told the plaintiff to come to sick call. When confronted, the medical administrator stated, "Well, Mr. Weaver, your shoulder probably popped back into place, and I don't know what to tell you about your nose injury." She also stated that the x-rays were sent all the way to California just to be read.

(11). Plaintiff stated that he wanted to know how said injuries could just up and disappear. The medical administrator stated she didn't really jnow. Plaintiff stated that it was awful strange that plaintiffs x-rays would travel all the way to a state across the country just to be read. The alledged Dr. who read the x-rays is a Dr. Franklin B. Grossman.

(12). The medical administrator gathered that plaintiff was implying that the medical department here at F.C.I. was trying to cover-up injuries to protect defendants here that plaintiff had already served with civil action papers. She was correct in her assumption !

(13). On March 7,2001, the plaintiff confronted defendant

-3-

Gonzales, in reference to this new issue. Defendant Gonzales the confronted the medical adminstrator, and instructed her to see that plaintiff was seen bt Dr. Rosado a.s.a.p.

Plaintiff states that the above is based upon his own knowledge and belief, and the incidents occurred on the dates in question. Therefore, the plaintiff moves to amend his civil action to include the names of Dr. M. Rosado, Dr. Monserratte and Dr. Franklin B. Grossman on the grounds that they conspired with one another to alter the findings of medical reports and documents in a blatant attempt to hinder this plaintiff from receiving the proper medical treatment and care that plaintiff needs.

Further, that the newly named defendants did the same with complete knowledge and forethought of their actions being both illegal and unethicial

**WHEREFORE,** the plaintiff prays that in light of the foregoing, this Honorable Court will allow the plaintiff to amend his civil action matter, captioned Randy A. Weaver V. James Meehan, docket number : <u>01-325-CIV-HUCK</u>, and allow the plaintiff to list the above as defendant(s) in said action...This Court has original jurisdiction and jurisdiction under **28 U.S.C. § 1331, and 28 U.S.C. § 1343.**

Respectfully Submitted,

Randy Anthony Weaver-Pro Se'

Dated this 14th day of March, 2001.

To: Ms/Mrs. M. Rosado, MD
    Medical Department
    Federal Correctional Institution
    15801 S.W. 137th Ave.
    Miami, Florida 33177

CIVIL EXHIBIT:_____
CASE NO: 01-325-CIV-HUCK

From: Mr. Randy A. Weaver
    # 92903-071
    Federal Correctional Institution
    P.O. Box 779800
    Miami, Florida 33177


RE: " ALLEGATIONS OF ALTERING
    MEDICAL FINDINGS, INTENT
    TO PRODUCE ORIGINAL DOCUMENTS
    AT CIVIL TRIAL, INTENT TO ADD
    AS DEFENDANT IN: 01-325-CIV-HUCK.

Dear Ms/Mrs. Rosado;                         March 7, 2001.

    This letter is in reference to my visit to medical on March 5, 2001, in which the findings of medical x-rays were changed to cover-up serious medical injuries.
    Upon my arrival to this facility on January 8, 2001, I began to continue the process of seeking medical treatment for injuries I received while at Federal Detention Center (Herein referred to as F.D.C. Miami), where I was physicially assaulted by two U.S. Marshals' after a court appearance.
    On or about January 31, 2001, I was seen by doctor J. Monserrate, in reference to having a nasal fracture and a dislocated shoulder. Dr. Monserrate ordered x-rays, and x-rays were finally done approx about on Febuary 5, 2001. After a delay of about three weeks, without any information about x-ray results I signed up for sick call.
    On March 5, 2001, I was seen by Physician Assistant Ms. Anna Inchaustegui at 12:35 p.m. I informed her about the pain I am having in my right shoulder, along with the injury to my nose. She documented all this, then I informed her that Dr. Monserrate had already had x-rays done. She contacted Dr. Monserrate who stated he had just received the x-ray results, and Dr. Monserrate brought them over to the P.A.'s office. (Room #2).
    She called me back in the office and informed me that the

results from **THOSE** x-rays showed NO injuries. This is where the problem arises.

Up until that point, I hadn't informed anyone that I had already received x-rays on July 26,2000, and that the results confirmed my injuries. Nor, did anyone know that on August 18,2000, I was seen by a specialist whom decided that surgery was necessary to correct damage to my nose that prevented me from breathing out of my right side, nor did any know ( or maybe everyone knew) that on August 30,2000, at 10:00 a.m. I was scheduled for surgery to repair that damage.

I have **ALL** those medical records, reports, clinic visits,ete.,. and additional documents that support not only the injuries but also the assault. Its very difficult to understand, how if I've received no medical treatment since June 28,2000, the date of assault, until the present date, how could my injuries just disappear. Now, I'm also aware that a Dr. Franklin B. Grossman alledgedly read my x-ray films, and that for some odd reason the x-rays were sent supposedly to California to be read. That makes absolutely no sense, seeing that an MD is trained and very capable of reading x-ray films.

Things just don't add up. The P.A. Inchaustegui fills out a form 204 or 205 for a orthopedic consultation, places me on full medical restrictions with me able to participate in walking or in jogging on the rec yard, but no sports, then puts me on medication for pain, and pills to help dry up my nose so that I can breathe better, and states no use of right arm. ALL THIS WAS DONE EVEN THOUGH X-RAYS SUPPOSEDLY SHOWED NO INJURIES.

I don't believe in misleading people, so in that regard I'm filing an addendum to my original civil action, and requesting that the court issue an order for a private physician be allowed to conduct further evaluation(s) of my injuries, and also that the records of this facility be ordered produced to the U.S. District Court.

I am gonna consuly with my attorney also in regards to this issue in reference to whether or not, the actions or inactions of the medical department here amount to medical malpractice. If so, then I will request that the appropriate people be added to civil action as defendants.

In addition, I'm having copies of the original x-rays, reports,

-2-

etc.,. mailed to me so that your department will be completely aware that injuries are present, and that x-ray report from this facility is altered to benefit already named defendants.

In the event, you wish to discuss this matter with me, please make arrangemebts for us to meet, and be aware that I will bring paper and a pen to take notes of our conversation. I would be more than happy to resolve this matter before it reaches the District Court level, if your dept is willing to provide me with the correct medical treatment. A copy of this letter will be submitted to the United States District Court in Miami, Honorable Judge C. Sorrentino, civil docket No: 01-325-CIV-HUCK.

Witnessed by:_____     Sincerely Yours,

                                         *[signature]*
                                         Randy Anthony Weaver

xc: **RAW/file**
    **U.S. DISTRICT COURT**
    **LIST OF FACILITIES TREATMENT SOUGHT AT**

-3-

## "LIST OF FACILITIES"

(1). Spartanburg Ear,Nose,Throat,Head     PH # (864) 582-2900
    & Neck Surgery Clinic
    397 Serpentine Drive
    Spartanburg, South Carolina 29303
    **Date(s): August 18,2000**
    * **Surgery was scheduled for August 30,2000 @ 10:00 a.m.**

(2). Federal Detention Center
    F.D.C. Miami
    P.O. Box 019120
    Miami, Florida 33128
    **Date(s): June 22,2000 till July 5,2000**

(3). Spartanburg Regional Medical Center
    101 Woods Road
    Spartanburg, South Carolina 29303
    **Date(s): July 26,2000**
    * **X-Rays taken here**

(4). Federal Correctional Institution     PH # (804) 733-7881
    F.C.I. Petersburg                         FAX # (804) 733-3728
    P.O.Box 1000
    Petersburg, Virginia  23804-1000
    * **Was here overnight**

(5). Mecklenburg County Jail           PH # (704) 336-8171
    5235 Spector Drive
    Charlotte, North Carolina 28269
    **Date(s): July 13,2000 till July 17,2000**

(6) Spartanburg County Detention Facility    PH # (864) 598-2607
    950 California Avenue
    Spartanburg, South Carolina 29303-2184
    **Date(s): July 17,2000 till December 5,2000**

(7). Atlanta U.S.P. Holdover          PH # (404) 622-6241
    P.O. Box PMB                            FAX# (404) 331-2137
    601 McDonough Blvd, S.E.
    Atlanta, Georgia 30315-1082
    **Date(s): July 5,2000 till July 12,2000**
             **December 5,2000 till December 15,2000**

(8). Federal Correctional Institution     PH # ( 904) 878-2173
    F.C.I. Tallahassee                          FAX # ( 904) 877-7260
    501 Capitol Circle, N.E.
    TAllahassee, Florida 32311
    **Date(s): December 15,2000 till January 8,2001.**